IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| V. | : CR. No. 08-26S |
| | : |
| WILLIAM CRUZ | : |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, WILLIAM CRUZ, have reached the following agreement:

1. Defendant's Obligations.

   a. Defendant will plead guilty to Counts I and II of the Indictment, which charge Defendant with two counts:
   Count I - possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1);
   Count II - possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); and

   b. Defendant agrees that if the United States Probation Department determines that U.S.S.G. § 2D1.1(b)(1) applies to the guidelines calculation defendant will not contest that determination.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

1

a. The government will recommend that the Court impose a term of imprisonment at the lowest point of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") or at the statutory mandatory minimum, whichever is higher, but not including probation or a "split-sentence," even if permitted under the guidelines.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

c. The government agrees not to file an information alleging prior convictions pursuant to 21 U.S.C. § 851. The defendant understands that because the government has agreed not to file an information alleging prior convictions the defendant

2

avoids the possibility that the maximum penalties on Count II would be a term of imprisonment of 10 years, a fine of $500,000, a term of supervised release of at least 4 years and up to five years, and a special assessment of $100.

  d. The government agrees to dismiss Count III which alleges violation of 18 U.S.C. § 924(c)(1)(A)(i) at the time of sentencing.

  e. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

  3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

  4. Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation, consistent with this agreement.

5. The maximum statutory penalties for the offenses to which the defendant is pleading are as follows: On Count I the maximum statutory penalty is 10 years imprisonment; $250,000 fine; 3 years supervised release; $100 special assessment;

On Count II the maximum statutory term is 5 years imprisonment; $250,000 fine; 3 years supervised release and not less than 2 years; $100 special assessment; and

6. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

7. Defendant is advised and understands that:
   a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;
   b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;
   c. Defendant has the right to a jury trial;

4

d.  Defendant has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

e.  Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f.  Defendant waives these trial rights if the Court accepts his plea of guilty.

8. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and

5

gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

11. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court.

6

Defendant hereby waives his right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

13. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

14. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or

7

modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

15. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

16. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| *[signature]* <br> WILLIAM CRUZ <br> Defendant | 10-21-08 <br> Date |
| *[signature]* <br> SCOTT A. LUTES, ESQUIRE <br> Counsel for Defendant | 10/21/08 <br> Date |
| *[signature]* <br> ZECHARIAH CHAFEE <br> Assistant U.S. Attorney | October 21, 2008 <br> Date |
| *[signature]* <br> LUIS M. MATOS <br> First Assistant U.S. Attorney | 10/21/08 <br> Date |

8